THE DOLLAR SAVINGS BANK, Respondent, v. THOMAS S.
RIDGE et al., Appellants.

Kansas City Court of Appeals, February 20, 1899.

1. **Appellate Jurisdiction**: CONSTITUTIONAL LAW: DECISION OF
COURT OF APPEALS. Where a party raising a constitutional point
afterwards in the trial withdraws it, or the point is conceded, and
the case determined on other grounds, there is no constitutional
construction involved; and a court of appeals in passing upon its
jurisdiction to hear a case does not construe the constitution but
merely whether there is anything in the case calling for such a con-
struction.

2. **Tax Bills**: ADOPTION OF SEWER ORDINANCE AT SPECIAL MEETING.
The sewer ordinance involved in this case was legally adopted at a
special meeting of the city council.

3. ————: APPORTIONMENT OF COST BY BOARD OF PUBLIC WORKS: EVI-
DENCE. The evidence shows that the board of public works com-
puted and apportioned the cost of the sewer in question against the
property in the sewer district.

4. ————: DELAY IN ISSUING: CHARTER. While the charter of Kansas
City directs tax bills to be issued in twenty days of the acceptance
of the work, yet it also provides that a failure to so issue can not
affect their validity, and under the facts in this case a tax bill issued
in May, 1895, for work completed late in 1890 is not void by reason
of such delay.

5. ————: MAYOR'S MESSAGE: ORDINANCE: CERTIFICATE OF BOARD OF
PUBLIC WORKS. The mayor's message to the city council in special
session sufficiently mentioned the matter of the sewer improvement
involved in this case, and the certificate of the board of public works
attached to the ordinance submitted to the council is held sufficient.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

YEAGER & STROTHER and JAMES G. SMART for appellant.

(1) Prior to the passage of ordinance number 1801,
authorizing the construction of the sewer, no ordinance had

been passed prescribing the manner of publishing the mayor's proclamation calling special sessions of the council; for this reason the special meetings held in June and July, 1890, at which ordinance number 1801 was passed, were illegally called, and no ordinance could be enacted at such meetings.   Charter of Kansas City (1889), art. 2, sec. 14; Art. 4, sec. 11; Charter of Kansas City (1875), art. 4, sec. 8, p. 19; Forry v. Ridge, 56 Mo. App. 615; West v. Ross, 53 Mo. 350; State v. Smith, 22 Minn. 222; Lord v. Anaka, 36 Minn. 176; State v. Bachelor, 22 N. Y. 128; Smyth v. Dailey, 2 H. L. 802; Bloomfield v. Charter R. Y., 121 U. S. 130; Angel and Ames on Cor. [8 Ed.], sec. 492, p. 487; Allen v. Burlington, 45 Vt. 210; Sherwin v. Bugbee, 16 Vt. 444; White v. Bayonne, 49 N. J. L. 312; Atty-Gen. v. Scott, 1 Vesey 413; Dillon Municipal Corp. [4 Ed.], secs. 263, 264, 259; In Town Council of Borough of Kidderminster v. Varsey (Q. B.), 1858 or 1859, 1 Ellis & Ellis, 770; King v. Mayor, etc., cases Temp. Hardwick 147; Rex v. May, 5 Burrow, 2682; Ruggles v. Collier, 43 Mo. 365.   Thus applying substantially the same rule that is applied to charters of private corporations.   Cooley on Com. Lim. [6 Ed.], pp. 231, 232; 1 Beach on Priv. Corp., sec. 281; Riley v. Oglebay, 25 W. V. 36; Stevens v. Meeting House, 12 Vt. 688; Warner v. Mower, 11 Vt. 393; Stowe v. Wise, 7 Conn. 214.   Even though there were ambiguity or doubt, practical interpretation by such officers from May 9, 1889, the time the charter took effect, to July 5, 1890, the time of the approval of the ordinance, will not be regarded by the court in construing these provisions.   Warren v. Asphalt Co., 115 Mo. 572-577; State ex rel. v. Gammon, 73 Mo. 426; U. S. v. Tanner, 147 U. S. 663; U. S. v. Railway, 148 U. S. 572; U. S. v. Graham, 110 U. S. 221; U. S. v. Pugh, 99 U. S. 265; Lessee v. Darby, 12 Wheaton 206; U. S. v. Temple, 105 U. S. 97; Ruggles v. Illinois, 108 U. S. 536; Endlich on Interpretation of Stat., sec. 528, p. 745; Cooley on Con.

Lim. [6 Ed.], p. 84. If there were numerous ordinances passed at these so-called special meetings, the record is silent as to their existence, and the court will not take judicial notice of the same. Sutherland on Stat. Const., sec. 296, p. 379; Mooney v. Kennett, 19 Mo. 555; Givens v. Van Studdiford, 86 Mo. 149; State ex rel. v. Oddle, 42 Mo. 214; 1 Rice on Ev., p. 35; Robertson v. Railway, 84 Mo. 121. (2) It was the duty of the board of public works after the construction of the sewer to compute the cost thereof and apportion the same among the lots or parcels of property chargeable therewith. It was not therefore performed by the board on May 28, 1895, by arbitrarily adopting the old estimate and apportionment made in 1890 by the clerks in the engineer's office and issuing the tax bill thereon. This failure to compute and apportion the cost, as required by the charter, rendered the tax bill null and void. Charter of Kansas City (1889), art. 9, sec. 10; art. 6, sec. 10; Bank v. Ridge, 62 Mo. App. 324; State v. City of Puth, etc. (N. J.), 36 Atl. Rep. (1896), 666. The charter requires that a tax bill should be issued within twenty days after the work is completed, and while it expressly states that the failure to issue the tax bill within that time does not vitiate it, yet the provision evidently means, if anything, that the tax bill should be issued within a reasonable time after the work has been completed and the time mentioned indicates what the framers of the charter regarded as a reasonable time. This time could not be extended indefinitely by the negligence of the city officers. Charter of Kansas City (1889), art. 9, sec. 18; Gunby v. Brown, 86 Mo. 253, 259; Weber v. Schergens, 28 Mo. App. 592. (4) The mayor's message to the common council at the sessions at which the ordinance providing for the sewer in question was passed, referred to the said ordinance merely as "An ordinance to establish sewer district No. 151," and said nothing about constructing a sewer in said district. The common council, therefore, had no power to

pass such ordinance and it is void. Bank v. Ridge, 62 Mo. App. 324; Kansas City Charter (1889), art. 4, sec. 12; St. Louis v. Withaus, 16 Mo. App. 247; 90 Mo. 648; Wells v. Railway, 110 Mo. 286; Partridge v. Lucas, 99 Cal. 519. (5) Our contention is that in the case of an ordinance such as this, not only establishing a sewer district but also providing for the construction of a sewer therein, the board of public works must certify both that the sewer district conforms to the system of sewers established by the board and also that the sewer proposed to be constructed conforms to such system of sewers, and inasmuch as the charter contains an express prohibition upon the council passing any ordinance on the subject which has not the requisite certificate, the ordinance in question is void. Constr. Co. v. Geist, 37 Mo. App. 509; St. Louis v. Gleason, 89 Mo. 67; 93 Mo. 33; St. Louis v. Franks, 78 Mo. 41.

TEASDALE, INGRAHAM & COWHERD for respondent.

(1) Appellants' second point is one of fact, viz.: Whether the board of public works apportioned the cost of the work. This was submitted to the court, sitting as a jury, and the issue of fact was determined against appellants' contention, and upon evidence, not only amply sufficient to support the finding, but under which there could have been no other finding. (2) In appellants' subdivision number 3, they indirectly contend that there is no legal propriety in reissuing a tax bill where the original has been held void. If we knew nothing of the mass of authority in this state to the contrary our knowledge of the ability of appellants' counsel in searching for authority, together with the fact that they cite only two, would lead to the conclusion that there were no others to be found. The two cited are not in point. Appellants fail to note the distinction between void and voidable bills. Riley v. Stewart, 50 Mo. App. 600; Galbreath

v. Newton, 45 Mo. App. 319. (3) Appellants' point number 4, as to the mayor's message, was presented and urged in the other case, and there passed upon. They then cited the same authorities. (4) Appellants' point number 5 was urged in the other case and the same authorities cited. The question ought therefore to be considered as settled.

ELLISON, J.—A question of jurisdiction is presented. Defendants claim that a construction of the constitution of this state is involved in the determination of this cause. Plaintiff denies this. The defendants set up by answer that the constitution of the state was violated in the mode of adoption of the amendments to the charter of Kansas City and that therefore the amendments are void. The special provision of the constitution is not mentioned but we infer from the brief that it was intended to refer to that portion of the constitution which directs the mode of publication on proposed amendments. They likewise asked an instruction, which was refused, declaring the amendments to be "in violation of that provision of the constitution of this state prohibiting retrospective legislation."

STATEMENT.

During the progress of the trial, the plaintiff had entered an admission that the defendants' contention that the amendments were void under the constitution was correct. The admission was in the following words:

"Mr. Ingraham: We want to make an admission in regard to this matter. (Reading.) 'While it is clear, that the fact that the upper house did not remain in session until the lower house adjourned, does not render the acts of the lower house invalid, especially in view of the fact that both houses met at the same time and entered into a legal session, but such matter is entirely irrelative to the issues in this case. For, if all that defendant claims be true, it only results that the amendments were not legally adopted, and

hence the old charter provisions remain in force and un-affected. We now desire to have the record show that we consent to defendants' contention in regard to the charter amendments be determined in his favor and that the legality of the tax bills be determined according to the old charter provisions as they existed prior to the amendments. Or that the validity be determined by either or both, the old charter or the amendments, at the option of counsel for defendant.' "

Defendants objected to the admission, but the court overruled the objection. The plaintiff contended that the point as to the violation of the constitution was "a sham" and was not brought into the case in good faith. That the defense in this case was based on points already ruled against defendants' contention in the cases of Forry v. Ridge, 56 Mo. App. 615; McQuiddy v. Vineyard, 60 Mo. App. 610; Bank v. Ridge, 62 Mo. App. 324, and that this was merely an effort to have those points passed upon by the supreme court. Counsel for defendants conceded, at the argument, that his object in making the point on the constitution was for the purpose of ousting this court of appellate jurisdiction, that the case might be heard in the supreme court where it was hoped and believed that the cases just referred to would be overruled.

Passing by the question of good faith in raising the point as to the constitution and of the objection to plaintiff admitting that the point was well taken, we will consider the matter as it appears on the face of the record. We interpret plaintiff's admission to concede that the charter amendments were void under the constitution as contended by defendants. This left the validity of the tax bills to be determined without the aid of those amendments; in other words, to be determined by the charter as it stood prior to the amendments.

But defendants contended at the argument of the cause that plaintiff can not obviate its point on the constitution

by conceding it to be true and well taken. That when the record showed such point was made in the trial court, this court could not have appellate jurisdiction. The constitution confers jurisdiction on this court "in all cases where the amount in dispute, exclusive of costs does not exceed the sum of two thousand five hundred dollars" unless such cases are these "involving the construction of the constitution of the United States or of this state." It is apparent that the mere fact of a point being made on the constitution during the trial of a cause does not necessarily involve the construction of the constitution in the appellate court. For, if the party making the point should afterwards in the trial, withdraw it, clearly the case would no longer involve a construction of the constitution. So, it seems to us, that if the point made is conceded, and the case is to be determined on other grounds, no construction is involved, and defendants have not been deprived of any right guaranteed by the constitution. The question is eliminated from the case. The court is then relieved of the duty of construing the constitution. The reasoning of the supreme court in the recent case of Ash v. Independence, 145 Mo. 120, is applicable to the question.

*Margin note: APPELLATE jurisdiction: constitutional law: decision of court of appeals.*

It is true the trial court refused an instruction, offered by defendants, declaring the charter amendments were in violation of the constitution prohibiting retrospective legislation. But in view of the concession made by plaintiff, as above referred to we must assume that the court looked upon the instruction as being outside the case, and therefore not pertinent.

It may be suggested that in the decision we now make we are construing the constitution, and that the question we are now deciding should be decided by the supreme court. But we necessarily must decide in the first instance whether

we have jurisdiction of a case. We do this constantly in certifying cases to the supreme court and in refusing to certify. Our decision of such question is not final, since if we refuse to certify on the ground that we have jurisdiction, our mistake may be, and frequently is, corrected by mandamus from that court; and if we certify a case to that court which ought not to have been sent there it may be, and frequently is, re-certified to this court. In these matters we do not construe the constitution; we merely pass on the question whether there is anything in the case calling for a construction of the constitution.

(2) Having disposed of the jurisdictional question, some other points made in defendants' brief remain to be noticed.

The tax bill in suit was issued by the board of public works of Kansas City in lieu of one declared void in Bank v. Ridge, 62 Mo. App. 324. In that case the former tax bill was attacked on two grounds, first, that the ordinance providing for the work was not legally adopted because the same was not specifically mentioned in the mayor's message sent in to the council at a special session, and second, that said tax bill was void because the cost of the work was not computed or apportioned by the board of public works but that such computation and apportionment was without authority made by certain clerks or assistants in the engineer's office. We held the ordinance legally adopted, but declared the tax bill void for the last objection above noted. Thereupon the board of public works again took up the matter, and under its direction the cost of the work was computed and apportioned against the property in the sewer district and issued this second or new tax bill.

The first objection is that the ordinance providing for the construction of the sewer is invalid because not adopted at a legal special meeting of the city council. This has

VOL. 79 app—3

been settled adversely to defendants' conten-
tion by at least two former decisions of this
court.   Forry v. Ridge, 56 Mo. App. 615;
McQuiddy v. Vineyard, 60 Mo. App. 610.

*TAX bills: adoption of sewer ordinance at special meeting.*

As to the second objection we find from an examination
of the record ample proof that before the last tax bill was
issued the board of public works did in effect
compute the cost of the work and apportion
the same against the property in the sewer
district.   The board, it seems, performed its
duty in this respect as heretofore advised by this court
in McQuiddy v. Vineyard, *supra*, and Bank v. Ridge, *supra*.

*——: apportionment of cost by board of public works: evidence.*

It is further contended that the tax bill in suit ought
not to be enforced because issued so long after the
work was completed.   The sewer, it seems,
was constructed late in the year 1890 while
this new tax bill was not issued until May,
1895.   This long delay is, however, satisfacto-
rily accounted for.   The original bill was issued in due time
after the work was completed, a protracted litigation fol-
lowed, and shortly after this was concluded by a final deci-
sion that said first bill was void, the second one was issued.
There was then, under the circumstances, no unreasonable
delay.   Besides the charter, section 18, article 9, while di-
recting tax bills to be issued within twenty days from the
completion and acceptance of the work, yet provides that
"the failure to issue them within such time shall not affect
the validity of the tax bills."   Unquestionably the board
had power to compute the cost of the sewer and apportion
the same among the property owners chargeable therewith
even though such duty was tardily performed.   This duty
according to our decision on the former tax bill, had not been
performed, and we discover no reason for the contention that
the power of the board had been lost by the delay in its exe-
cution.

*——: delay in issuing: charter.*

The fourth point in defendants' brief was fully considered and settled in Bank v. Ridge, *supra*. We there held that the mayor's message to the council in special session sufficiently mentioned the matter of this improvement. The same course of reasoning, too, sustains the sufficiency of the certificate of the board of public works indorsed on the ordinance providing for the creation of a sewer district and construction of a sewer therein. The charter, in substance, requires the approval of the board of public works to be indorsed on the ordinance providing for the proposed improvement—that the sewer district and sewer to be therein constructed shall conform to the system established by the board. The ordinance in question provided for the construction of a district sewer in and for a district therein described, and attached thereto the board of public works certified in writing "that the sewer proposed to be established by this ordinance conforms to the system of sewers established by the board of public works." The charter, section 9, article 6, required the board to "establish a system of sewers for the entire city." It seems now from the board's certificate sufficiently clear that the proposed improvement was in harmony with such system. We think there is no merit in defendants' objection.

The judgment will therefore be affirmed. Gill, J., concurs; Smith, P. J., not sitting.

— : mayor's message: ordinance: certificate of board of public works.