Inhabitants of Houstonia v. Grubbs.

THE INHABITANTS OF THE VILLAGE OF HOUSTONIA,
Plaintiff in Error, v. W. C. GRUBBS, Defendant
in Error.

Kansas City Court of Appeals, May 8, 1899.

Municipal Corporations: VILLAGES: SIDEWALKS: NO LIEN. Munic-
ipal corporations have no authority to create a tax lien by ordinance
or otherwise where none has been expressly conferred upon them
and article 6, chapter 30, Revised Statutes 1889, relating to villages,
creates no lien for the expense of laying sidewalks but authorizes the
village to recover such expense from the owner or occupier in an
action *in personam*, nor can such grant be inferred from the general
welfare clause.

*Error to the Pettis Circuit Court.*—HON. G. F.
LONGAN, Judge.

AFFIRMED.

JOHN CASHMAN for plaintiff in error.

(1) The board of trustees, for and on behalf of the vil-
lage of Houstonia, had full and ample authority to cause the
construction of the sidewalk and assess a special tax to pay for
same. Sections 1672 and especially 1677, 1678 and 1679
of Revised Statutes of 1889; Morse v. West Port, 110 Mo.
502. Section 1677, *supra,* admits of but one construction,
and that is, that sidewalks are to be constructed and paid for
by a special tax against abutting property and the owners.
Any other construction would result in the absolute annull-
ment of the whole law authorizing such absolutely essential
improvements in villages. Our appellate courts have repeat-
edly held that any statute authorizing a personal judgment for
street improvements is unconstitutional and void. Sweany v.
Railway, 54 Mo. App. 265; Carlin v. Cavender, 56 Mo. 286;
St. Louis v. Bressler, 56 Mo. 350; Kiley v. Forsee, 57 Mo.

390; Neenan v. Smith, 50 Mo. 525; Louisiana v. Miller, 66 Mo. 467; St. Louis v. Allen, 53 Mo. 44; Pleasant Hill v. Dasher, 120 Mo. 675; Firth v. Broadhead, 7 Mo. App. 563; State ex rel. v. Angert, 127 Mo. 456. (2) There being an unequivocal express grant of authority to have sidewalks constructed at the cost of the abutting landowners, the power to render this grant effectual, in the only way known to the law, must of sheer necessity be implied. Such a construction of a statute will not be adopted which will defeat the act in whole or in part, if it will admit of a construction which will sustain it. Neenan v. Smith, 50 Mo. 525; St. Joseph v. Landis, 54 Mo. App. 315; Bank v. Haywood, 62 Mo. App. 550; Fred v. Railway, 65 Mo. App. 121; St. Louis v. Herthel, 14 Mo. App. 467; State ex rel. v. Slover, 126 Mo. 652; Cole v. Railway, 47 Mo. App. 624; Sheidley v. Lynch, 95 Mo. 487; State ex rel. v. Walbridge, 119 Mo. 383; Kane v. Railway, 112 Mo. 34; Railroad v. Marion Co., 36 Mo. 294; County Court v. Griswold, 58 Mo. 175; Ex parte Joffee, 46 Mo. App. 360; Warren v. Paving Co., 115 Mo. 572; Verdin v. St. Louis, 131 Mo. 26; Henry v. Evans, 97 Mo. 47; Springfield to use v. Weaver, 137 Mo. 650. (2) Had no express grant of authority been given in the charter, the power to require sidewalks to be laid at the expense of abutting landowners would be implied, as incident to the general welfare clause of all municipal corporations. Water Co. v. Aurora, 129 Mo. 540; St. Louis v. Russell, 116 Mo. 248; Howsmon v. Water Co., 119 Mo. 304. Where a general power is given a municipal body, but the mode of carrying out the power is not specifically pointed out in the charter, an ordinance may be passed which will supplement the charter, which was done in this case. St. Louis v. Ranken, 96 Mo. 497, 505.

BARNETT & BARNETT for defendant in error.

(1) The village of Houstonia, being a village organized under the general statutes, has no authority to cause special

assessments to be made against property abutting on streets for the construction of sidewalks. The only authority given is to cause the work to be done, and to recover the cost thereof in an ordinary civil action against the owner or occupier. The statute neither provides nor intimates that the cost of such improvements can be made a lien on the property. R. S. 1889, secs. 1677, 1678, especially sec. 1677; Pleasant Hill v. Dasher, 120 Mo. 675. (2) Grants of legislative powers to municipalities are to be strictly construed. Waterworks Co. v. Kansas City, 20 Mo. App. 237; Trenton v. Clayton, 50 Mo. App. 535. If there is any fairly reasonable doubt concerning the existence of a power, it will be held not to have been granted. Trenton v. Clayton, 50 Mo. App. 535; St. Louis v. Telephone Co., 96 Mo. 623; Knapp v. Kansas City, 48 Mo. App. 485. Proceedings under the charter and ordinances of a municipal corporation to compel the citizens to pay for improvements in front of his property are proceedings *in invitum,* purely statutory, and are to be strictly construed. Leach v. Cargill, 60 Mo. 316; Guinotte v. Engelhoff, 64 Mo. App. 356.

SMITH, P. J.—This is an action on a special tax bill. The village of Houstonia is a municipal corporation, organized and existing under the provisions of article 6, chapter 30, Revised Statutes. The defendant is a resident owner of certain lots in said village.

It appears from the agreed statement of the facts that the said village passed an ordinance providing for a wooden side-
STATEMENT.　　walk on the side of a certain street in front of the defendant's lots; that there was, at the time of the passage of said special ordinance, a general ordinance then in force, which provided the manner in which the village authorities should proceed to make any improvement required by any special ordinance; and that the expense thereof should be a lien against the property thereby benefited. It was further provided in said general ordinance

that tax bills should be issued against the property benefited for the actual expense of such special improvement, which should be *prima facie* evidence of the regularity of the proceeding, etc. It was further agreed that the village made the improvement and issued the tax bill sued on for the expense thereof against defendant's lots in accordance with the provisions of said ordinance.

The question raised by the appeal is, whether or not the said tax bill is a lien against defendant's lots for the expense of the said sidewalk improvement? The law is, that municipal corporations have no authority to create a tax lien by ordinance or otherwise where none has been expressly conferred upon them. Cooley on Taxation, 448; Philadelphia v. Grible, 38 Pa. St. 339. The ordinance previously referred to therefore was ineffectual to create a lien for the expense of the said sidewalk improvement. If a lien for the expense of the improvement existed it must have been created by statute.

MUNICIPAL corporations: villages: sidewalks: no lien.

Recurring to said article 6, chapter 30, Revised Statutes, it will be seen that section 1677 authorizes the board of trustees to have sidewalks constructed at the expense of the owners or occupiers of the adjacent lots. This section further provides that, if any such owner or occupier shall fail to make such improvement as required by ordinance the said board of trustees shall cause the same to be made and recover the expense thereof of such owner or occupier in the name of the village in any court of competent jurisdiction, etc. It is thus seen that this section creates no lien for the expense of the improvement. It provides that the village may recover such expense of the owner or occupier of the benefited property in an action *in personam*. Such a statutory provision is invalid. Neenan v. Smith, 50 Mo. 525; St. Louis v. Allen, 53 Mo. 44; Pleasant Hill v. Dasher, 120 Mo. 675.

The next section—1678—provides that, if a non-resident fail to make any improvement as required by the preceding

section, the board of trustees may cause such lot or lots to be sold to defray the expenses thereof in such manner as the board by ordinance may provide. If this section can be construed to create a lien by necessary implication it has no application to resident lot owners. Another section—1679—provides that all general and special taxes levied by the board of trustees of any town upon any property therein in conformity to the laws of the state and the ordinances of the town shall constitute a lien upon the property upon which they are levied. This section in no way helps the plaintiff's case, for the very manifest reason that the special tax sued for was not levied by the board of trustees upon the defendant's property in conformity to any statute or valid ordinance. The statute authorized the expense of the improvement to be charged against the defendant personally, but not against his property. There was no statute authorizing the latter. If we entertained a doubt, which we do not, as to whether or not the statute authorizing street improvements to be made by the village board of trustees gave a lien for the expense thereof against the abutting lot owners, we should be compelled to resolve the doubt against the lien. Knapp v. Kansas City, 48 Mo. App. 485; Guinotte v. Englehoff, 64 Mo. App. 356; St. Louis v. Telephone Co., 96 Mo. 623. An examination of the statute already referred to has not convinced us that in a case like this a lien is anywhere therein given, either expressly or by fair implication.

But it is contended that even if no express grant of authority of the kind claimed by plaintiff is contained in the charter it would be implied as one incident to the general welfare clause of such charter. It is sufficient answer to this contention to say that the general welfare clause of the charter, following as it does a long list of specific powers, can not be construed so as to enlarge such powers further than is necessary to carry into effect the specific grants thereof. Knapp v. Kansas City, *ante,* and authorities there cited.

In no view of the case which we are able to take can the plaintiff's tax bill be upheld.

The judgment of the circuit court will accordingly be affirmed. All concur.