THE STATE OF MISSOURI, Defendant in Error, v. GEORGE P. EBBS, Plaintiff in Error.

**Kansas City Court of Appeals, May 6, 1901.**

1. **Criminal Law:** FALSE TAX RETURNS: STATUTORY CONSTRUCTION. The general purpose of the statute is never to be overlooked in its construction, and all statutes *in pari materia* are to be treated as embodied in one section; and so section 3867 and section 7537, Revised Statutes 1889, relating to tax returns are to be considered together.

2. ———: ———: ———. The manifest intention of these sections is to provide punishment for a failure on the part of the taxpayer to give a true list of his property, or to take and subscribe the required oath, or for delivering, with an intent to defraud, a false list.

3. ———: ———: ———: INDICTMENT: VARIANCE. The refusal to return a tax list is a violation of section 3867. The return of a false list subscribed and sworn to is a violation of section 7537. An indictment under one of these sections can not be sustained by evidence making out an offense under the other.

Error to Johnson Circuit Court.—*Hon. W. W. Wood,* Judge.

REVERSED.

*M. D. Aber* and *J. W. Suddath* for plaintiff in error.

. (1) The information should have been quashed. It

nowhere charged that the alleged omission of the note was, either willful or intentional. 4 Blackstone, pp. 355, 366; State v. Reilly, 4 Mo. App. 392; State v. Pitts, 58 Mo. 556; State v. Johns, 124 Mo. 379; State v. Silva, 130 Mo. 440. (2) This information was based on section 3867, Revised Statutes 1889, now section 2257, Revised Statutes 1899. Giving a false list is not a misdemeanor; it is covered by section 7537, Revised Statutes 1889, now section 9150, Revised Statutes 1899, wherein it is made a felony. Certainly, the Legislature never intended by the section first above quoted to make a given act a misdemeanor and then by the second section above quoted to make the same act a felony. And no court will certainly ever give the two statutes such a construction that the same act might at the same time, or at the option of the prosecutor, be either prosecuted as a felony under the one section or as a misdemeanor under the other.

*Nick M. Bradley* and *Chas. E. Morrow* for defendant in error.

(1) The instructions given fully cover the case and properly declare the law. If the court committed any error in the matter of instructions, it was in defendant's favor. (2) There was no variance between allegation and proof as to note. The note is called for in transcript and not set out. He who complains of error must show it. Guinn v. Boas, 31 Mo. App. 131; State v. Burns, 85 Mo. 47; Flynn v. City of Neosho, 114 Mo. 567; Matson v. Frazer, 48 Mo. App. 302; Goode v. Crow, 51 Mo. 212. (3) The statute denounces the failure to give a true list when requested. Not the failure to give any list, when requested. But it does denounce the failure to "take and subscribe an oath or affirmation in that behalf as required by law." Not the making of a false affidavit, for

that is provided for in another statute. But the failure to take any oath or affirmation, when requested by the assessor. R. S. 1899, sec. 2257.

SMITH, P. J.—The defendant was prosecuted and convicted under an information based on section 3867, Revised Statutes 1889. The charge of the information was that, when requested by the assessor, defendant had unlawfully and knowingly failed to give a true list of his taxable property. The defendant brings the case here for review on a writ of error.

Every person is required by section 7531, Revised Statutes 1889, to make a list of his property and to enter a true and correct statement thereof in a printed or written blank, signed, sworn to and delivered to the assessor. Section 3867 provides: "Every person who shall, when requested by the assessor, fail to give a true list of all his taxable property, or take and subscribe to an oath or affirmation in that behalf as required by law, shall be deemed guilty of a misdemeanor," etc. Section 7537 further provides: "If any person shall, with an intent to defraud, deliver to any assessor a false statement of his property, etc., he shall be liable to be punished for perjury."

At the trial, the evidence introduced by the State tended to prove that the defendant, on November 4, 1896, made out and delivered to the county assessor the list which purported on its face to be that required by said section 7531, supra. The defendant, it appears, owned a note for $1,700 which, at the time he delivered the list of his taxable property, was hypothecated with a bank as collateral security for a loan. This note was not included in his said tax list. He testified that it was dated a year earlier than he thought and that he did not find out different until the next spring after he delivered his list

to the assessor; that he was under the impression that he was not required to return it in his list for that year, but that on discovering his error he corrected it by adding it (the note) thereto.    The defendant now contends that the offense, if such it was, is not within said section 3867, and therefore the prosecution must fail.

The general purpose and object of a statute is never to be overlooked in its construction and application, and it should always have a reasonable construction.    Ross v. Kansas City, 111 Mo. 18.    Statutes *in pari materia* are to be treated as embodied in one section and considered together in order to elucidate the legislative intent in their enactment.    State v. Slover, 126 Mo. 652; St. Louis v. Howard, 119 Mo. 41.    Though section 3867 is found in chapter 47 of the statute relating to crimes and punishments, while section 7537 is embraced in chapter 138 in relation to the assessment and collection of the revenue, they both touch the same subject, and therefore should be treated and considered in accordance with the rule just referred to.

It was the manifest intention of the Legislature in enacting these sections to provide for the punishment of any person who should attempt to avoid his just proportion of the burdens of taxation in any of the following cases:

1.    Where he, when requested by the assessor, shall fail to give a true list of his taxable property.

2.    Where he shall refuse to take and subscribe to an oath or affirmation to such list as required by section 7534.

3.    Where, with an intent to defraud, he shall deliver to any assessor a false list of his taxable property, subscribed and sworn to.

The list which the assessor is authorized to request is that defined in said section 7531, and none other.    If a person be requested by that officer to deliver to him such a tax list and

he refuse to do so, he violates said section 3867. If, however, he pretends to comply with the request of the assessor and delivers to him a tax list subscribed and sworn to, as here, and that list does not contain a true and correct statement of his taxable property, then he is guilty of perjury and his case is within the purview of said section 7537.

It is most unreasonable to suppose that in a case where a person has willfully made out and delivered to the assessor a list of his taxable property, subscribed and sworn, which is not a true and correct statement thereof, that the Legislature intended by the enactment of said sections that such a person should escape the consequences of his criminal conduct by the payment of a mere fine as provided in said section 3867. · If such a list of taxable property, so subscribed and sworn to, be made in good faith and be the result of mistake, then there would be no offense under either section. The defendant, on the undisputed facts which the evidence tends to prove, was either guilty of perjury or nothing. No case is made out by the evidence which is covered by the section on which the information was based.

The evidence of the State showed the defendant guilty, if guilty at all, under section 7537, while he was proceeded against under a different section—3867. The defense denounced by the former is quite different from that denounced by the latter. Under one the offense is but a misdemeanor while under the other it is a felony. The element of fraud and corruption does not enter into the one while in the other it does. An indictment or information under one of these sections can not be sustained by evidence which would make out an offense under the other. Section 3867, on which the information was based, has no application to a case of this kind where the false tax list delivered to the assessor is subscribed and sworn to. In all such cases the prosecution must be

founded on the other section—7537.

There were a number of other points discussed in the briefs of counsel but these need not be noticed since that hereinbefore determined by us is fatal to the whole case.

The judgment must accordingly be reversed and the defendant discharged. All concur.