CITY OF SPRINGFIELD, Appellant, v. W. B. STARKE AND F. E. JONES, Respondents.

St. Louis Court of Appeals, March 1, 1902.

1. **Weights and Measures:** CITY OF THIRD CLASS, ORDINANCE. The Missouri law defines various weights and measures, and provides for authenticating those in common use; but a city of the third class is not authorized to impose a penalty upon merchants and others offering commodities for sale therein who refuse to pay a fee imposed by ordinance for inspection and stamping of their weights and measures. Said ordinance is not expressly authorized and is not sanctioned by the "general welfare" or other provisions of the charter of cities of the third class, because the court regards such ordinance as unreasonable.

2. **Ordinance:** SUBJECT TO REVIEW. Where an ordinance is sustainable not upon specific authority but only by a general grant of power, its reasonableness is subject to review by the courts.

3. **Specific Limitation of Power:** INTERPRETATION, RULE OF. Specific limitations of power must be observed and not obliterated by applying more general grants of power. The rule of interpretation is that all parts of a law should have effect rather than that any part should perish by construction.

4. **Tax Lien:** CHARTER. A municipality in Missouri may not impose a tax lien on property without express charter authority.

5. **Interpretation of Statute.** Statutes *in pari materia* should be considered together in determining the legislative purpose in any one of them.

6. ———: RULES OF INTERPRETATION YIELD TO LEGISLATIVE INTENT. All rules of interpretation yield to distinct evidence of legislative intent which should always be made effective.

7. **Cities: RIGHT TO APPEAL: PENALTIES, REGARDED AS CIVIL ACTIONS.** A city as plaintiff may exercise the right of appeal given by its charter in an action to enforce a penalty defined by its ordinances. Such cases are regarded as civil actions so far as concerns the right of appeal.

8. ————: **THIRD CLASS.** Springfield is a city of third class governed by general charter (R. S. 1899, secs. 5751-5893).

Appeal from Greene County Criminal Court.—*Hon. James J. Gideon,* Judge.

AFFIRMED.

*Arch A. Johnson* for appellant.

(1) The city of Springfield, as a city of the third class, has the power under its charter to enact and enforce the ordinance in question in this suit. Sec. 5834, R. S. 1899. St. Louis v. Schoenbusch, 95 Mo. 618; St. Joseph v. Levin, 128 Mo. 588; Coal Co. v. City of St. Louis, 130 Mo. 323. (2) The provision in said ordinance requiring the payment of a reasonable fee to the inspector by persons having weights and measures inspected, is lawful. City of St. Louis v. Boatmen's Insurance & Trust Co., 47 Mo. 150; City of New Orleans v. Hop Lee, 29 So. Rep. 214.

*Allen & Rathbun* for respondent.

(1) Under the laws regulating cities of the third class, they have not the power, nor have they been granted the right, to inspect measures, scales, etc., but simply the right to inspect the weighing and measuring of any commodity sold in the city. R. S. 1899, sec. 5841. (2) The city, recognizing that this section does not apply or give them the power to pass their ordinance under which respondents were arrested, have based their prosecution entirely upon and claim their right to enact the ordinance in question under section 5834, Revised

Statutes 1899, commonly known as the general welfare clause. (3)   The general welfare clause can by no process of reasoning be stretched so as to cover an ordinance of this kind. "The grants of such powers are strictly construed and any fairly reasonable doubt concerning the existence of power is resolved by the courts against the corporation and the power is denied."   Town of Trenton v. Clayton, 50 Mo. App. 539. (4)   Without a law authorizing it, a municipal corporation can not take private property for public use.   Householder v. City of Kansas, 83 Mo. 494.

BARCLAY, J.—The defendants Messrs. Starke and Jones conducted a grocery store in the city of Springfield. In this proceeding they are charged with a violation of an ordinance of that city in failing to pay fees prescribed for examining, testing and sealing certain scales and measures used by them in their store.

There is no dispute as to the facts.

The case began by a complaint before the police judge of the city of Springfield.   At the trial in the police court defendants were convicted and fined five dollars each.   They appealed from the conviction and had a new trial in the criminal court of Greene county.   In that court a judgment for defendants resulted.

The plaintiff has appealed, after taking the usual steps to that end.

In the criminal court the cause was heard upon an agreed statement of facts.   It will not be necessary to recite it fully.

We mention only its material features.

The ordinances of the city of Springfield create the office of inspector of weights and measures, and provide for the appointment of a competent person to fill said office.   It is made the duty of said inspector, twice in each year, to examine and test the accuracy of all weights, measures, scales or other devices for weighing or measuring articles offered for sale,

or which may be used in such a manner that the accuracy of them may pecuniarily interest any other citizen than the owner; it is also his duty to stamp with a suitable seal each weight, measure, scale or other thing so used which he may find to conform (or which shall be made to conform) to the standard prescribed by the laws of the United States, or of this State, and to deliver to the owner thereof a certificate of its accuracy.

All weights, measures, scales and other things used in the manner prescribed, shall be subject to such inspection on and after the first Monday in July, and a subsequent inspection on and after the first Monday in January, of each year, without regard to the date of any preceding certificate.

It is further provided by the ordinance that said inspector shall charge for examining, testing and sealing such weights and measures certain items of fees. They need not be enumerated in detail. They are reasonable in amount, if it be assumed that they may be lawfully imposed.

The most important penal provision of the ordinance which bears directly on this controversy is as follows:

"The fees provided for in the preceding section of this article shall be paid to the inspector by the person or persons owning or using the instrument tested and sealed. If any person shall fail or refuse to have any instrument of weight or measurement in his possession or use examined, tested, corrected or sealed when called upon for that purpose by the inspector in accordance with the provisions of this article, or shall fail to pay the established fee for the same, he shall be deemed guilty of a misdemeanor, and upon conviction thereof before the police judge shall be fined not less than $5 nor more than $100." Rev. Ords. Springfield, 1897, art. 3, ch. 4, sec. 195.

The agreed statement shows further that the regularly appointed inspector of Springfield inspected and tested the scales and measures of defendants mentioned in the complaint

and sealed them as provided by ordinance and demanded the fees prescribed; and that defendants refused to pay said fees.

It also appeared that the inspection and sealing were regular in all respects.

The city of Springfield, according to the agreed facts, is a city of the third class under the laws of the State of Missouri.

The only question involved in the present appeal is the question of power in the city to require the payment of fees for inspecting the weights and measures of defendants and to enforce such payment by a fine.

1. The city has the right of appeal in proceedings of this character although penal in their nature. It should be accepted as settled law in this State that, so far as concerns the right of appeal, proceedings to enforce a penalty defined by city ordinances are governed by the principles applicable to civil cases. Kansas City v. Neal, 122 Mo. 232; State v. Muir, 86 Mo. App. 642; affirmed, 164 Mo. 610 (65 S. W. Rep. 285).

2. The plaintiff relies upon section 5834 (R. S. 1899) as a sanction for the ordinances in question. That section is as follows:

"The mayor and council of each city governed by this article shall have the care, management and control of the city and its finances, and shall have power to enact and ordain any and all ordinances not repugnant to the Constitution and laws of this State, and such as they shall deem expedient for the good government of the city, the preservation of peace and good order, the benefit of trade and commerce, and the health of the inhabitants thereof, and such other ordinances, rules and regulations as may be deemed necessary to carry such powers into effect, and to alter, modify or repeal the same."

But the foregoing section should be considered in con-

.nection with another which touches more particularly upon the topic of inspection.   That section is this:

"The council may prescribe rules and provide methods by ordinance for the inspection, weighing and measuring of any commodity sold in the city in all cases not otherwise provided for by law, and may provide for the selling, weighing and inspecting of meats, poultry and vegetables, of butter, lard and other provisions and articles of food; and may provide for the inspecting and measuring of wood, coal and fuel, lumber, shingles, timber and all kinds of building material, and shall have power to appoint inspectors and measurers; and may make provisions for the inspection of steam boilers, and all steam-heating apparatus, and to license engineers using steam boilers in the city, and may regulate the place or places where hay, lime, lumber, timber, wood, coal and all kinds of fuel shall be exposed for sale, and fix the fees of the person or persons appointed to perform the duties named in this section."   Sec. 5841, R. S. 1899.

Another provision of the charter of Springfield (R. S. 1899, sec. 5872) enacts that "all ordinances may be enforced by prescribing and inflicting upon its inhabitants, or other persons violating the same, such fine not exceeding one hundred dollars, and such imprisonment not exceeding three months, or both such fine and imprisonment, as may be just for any offense, recoverable with costs of suit, together with judgment of imprisonment, until the fine and costs are paid or satisfied; and any person committed for the non-payment of fine and costs, or either, may be compelled to work out the same as hereinbefore provided:   *Provided*, that such city shall have power, in any case wherein the penalty for an offense is fixed by any statute, to affix the same penalty by ordinance, and no other, for the punishment of such offense, except that imprisonments, when made under city ordinances, may be in the city prison or workhouse instead of the county jail."

It may be appropriate to mention that by the law of Mis-

souri various weights and measures in common use are defined, and the county clerks are required to seal all weights and measures, presented to them for that purpose, which correspond with the standards defined by law. R. S. 1899, secs. 10572-10574. "For trying any weight or measure by the county standard and sealing the same" the clerk of the county court is authorized to charge a fee of thirty-five cents. R. S. 1899, sec. 3239.

It is a generally admitted rule of interpretation that statutes on the same subject should properly be considered together in determining the purpose of the Legislature in enacting any one of them. State ex rel. Brown v. Klien, 116 Mo., 259.

Another governing principle is that more specific limitations of power must be followed rather than general grants, in obedience to a canon of interpretation which ordains that full effect should be given to all parts of legislation rather than that any part of it should perish by construction.

To give effect to specific definitions of authority it is often necessary to hold that they restrain the force of larger provisions on the same subject.

The rule of interpretation just mentioned yields, however, to any distinct evidence of a different intent on the part of the lawgivers as expressed in the language they have used. The true intention of the Legislature must, above all things, be made effective. All other rules of interpretation yield to that paramount one.

The precise point of our inquiry now is whether there existed in the laws applicable to Springfield any authority to require defendants, under penalty of a fine, to submit to the exaction of fees for inspecting their weights and measures aforesaid? No such power is conferred upon the legislative body of the city by express enactment. The claim made in the present appeal is that section 5834 (R. S. 1899) is sufficient authority to support the ordinance requiring the payment of

said inspection fees. That section does not specifically confer power to regulate weights and measures as does, for example, the charter of the city of St. Louis, discussed in Sylvester Coal Co. v. St. Louis, 130 Mo. 323. There is nothing in the charter of Springfield which in so many words imports power to charge a fee for inspection of weights and measures.

The State law, already cited, establishes certain standard weights and measures. A power to impose a fine for non-payment of inspection fees of the kind in question in this case is a power not usually regarded as inferable from a general grant of authority to promote the "general welfare" of the municipality. Waters-Pierce Oil Co. v. McElroy (Tex. 1898), 47 S. W. Rep. 272. But one case cited by appellant appears to support its contention on that point. New Orleans v. Hop Lee, 104 La. 601.

At all events, it is a well-settled rule for testing the validity of ordinances that where they are sustainable only by reason of a general grant of power and not upon specific authority to pass the particular enactment complained of, the reasonableness thereof may be inquired into by the courts.

The rule last stated is abundantly sanctioned by precedents in Missouri. Tarkio v. Cook, 120 Mo. 1; St. Louis v. Packing Co., 141 Mo. 375. It has been held in this State that a municipality may not create a tax lien upon the property of its citizens without express authority. Houstonia v. Grubbs, 80 Mo. App. 433; Kansas City v. Grush, 151 Mo. 128. Those decisions by no means control the case at bar; but they indicate the close scrutiny which the courts give to ordinances imposing burdens on the citizens of municipal corporations.

It appears to us an unreasonable requirement (in the absence of explicit authority in positive law) to compel every merchant and shopkeeper of a city of the third class to pay fees twice a year to have the weights and measures, necessarily used in his business, approved by a local inspector. We are at a loss to conjecture reasons which would vindicate such a regu-

lation.   If every weight and measure required for ordinary dealings in the city is to be overhauled every six months, at an expense of from ten to twenty-five cents for each examination, the sum total of that expense would constitute a substantial item of burden upon the domestic commerce of the municipality.   No reasons which have been advanced on the present appeal satisfy us that such a regulation is reasonable.   We hold that it is not, and conclude that the learned trial judge was correct in ruling the ordinance invalid and discharging the defendants.

The judgment is affirmed.   *Bland, P. J.,* and *Goode, J.,* concur.