STATE OF MISSOURI, ex rel. J. W. CASE, Relator, v. GEORGE WILSON et al., Respondents.

Springfield Court of Appeals, December 5, 1910.

1. MANDAMUS: Proper Remedy to Restore to Office. Mandamus is an appropriate remedy to compel the restoration of an office to the rightful incumbent thereof, who has been wrongfully deprived of the same by removal or suspension.

2. MUNICIPAL CORPORATIONS: Officers: Mayor: Removal from Office. Under the charter of a city of the fourth class, the mayor is the general officer of the city and has general supervision over all officers of the city and its affairs, and by the terms of the charter he cannot be removed at the pleasure of the council without cause.

3. ——: ——: ——: **Removing Mayor from ·Office.** The respondents, constituting six out of eight members of the board of aldermen of a city of the fourth class, preferred charges against the mayor for refusing to recognize the validity of an ordinance providing for a city depository for all the city funds, which they had passed over the mayor's veto, and on the hearing of these charges the mayor was removed from office. In a mandamus proceeding the ordinance was held invalid and therefore the action of the board in removing the mayor from office was invalid, and he was entitled to be reinstated.

4. ——: **Powers: Statutory Construction.** Municipal corporations possess only such powers as are granted in express words, or those necessarily incident to or implied in the powers expressly granted, and if there is a reasonable doubt concerning the existence of power in the charter of a city, it will be resolved against the city and the exercise of the power denied.

5. **STATUTORY CONSTRUCTION: Statutes in Pari Materia.** The object of all interpretation of law is to reach the true intent and meaning of the law-making authority. Statutes *in pari materia* are to be treated as embodied in one section, and considered together in order to elucidate the legislative intent therein enacted, though they are found in different chapters of the Revised Statutes under different headings.

6. ——: ——. Statutes on the same subject, though found in different chapters of the Revised Statutes, under different headings, shall be treated as embodied in one section and considered together.

7. ——: **Legislative Interpretation.** In construing a statute the legislative interpretation of the same, though not conclusive, is entitled to weight, and in the passage of laws the Legislature is ·presumed to know the existing state of the laws with which it deals at the time it acts, and is deemed to have dealt with the matter in the light of the laws then existing.

8. **MUNICIPAL CORPORATIONS: Selecting Depository.** The statute in this state authorize cities of the first, second and third class to select depositories for all the city's funds and a city of the fourth class for its sinking fund only. Gathering the intent of the Legislature from this and other sections, it is evident that it did not intend that the board of aldermen of a city of the fourth class could by ordinance select a depository for the general funds of the city.

9. **APPEAL AND ERROR: Constitutional Question: Transfer to Supreme Court.** It is not the duty of the Court of Appeals to transfer a case to the Supreme Court on the ground that a constitutional question is involved, unless the decision of the constitutional question affects the merits of the controversy.

Original Proceeding by Mandamus.

PEREMPTORY WRIT AWARDED.

*W. B. Skinner* and *J. M. McPherson* for relator.

*Parker Potter* for respondents.

GRAY, J.—On the first Tuesday in April, 1910, the relator was duly elected mayor of the city of Mt. Vernon, a city of the fourth class, in Lawrence county. He duly qualified and acted as said mayor until the 7th day of October, when the respondents caused charges to be filed against him and made an order suspending him from his office, and caused a copy of the charges to be served upon him, and fixed Friday, the 21st day of October, as the time for trying him upon said charges. On the 21st day of October, the board of aldermen convened as a board of impeachment, and after a hearing, made an order removing the relator from his office.

On the 3d day of August, 1910, the board of aldermen passed an ordinance providing for a city depository for all the funds of the city. When the ordinance was presented to the mayor for his approval, he refused to approve the same and notified the council in writing his reasons therefor. The relator based his veto upon the grounds that the city of Mt. Vernon had no authority to select a depository for the general funds of the city; that the only right to select a depository was for the sinking funds of the city, and in his veto message, he recommended the passage of an ordinance selecting a depository for the sinking funds.

Notwithstanding the mayor's veto, the respondents constituting six of the eight members of the board of aldermen of the city, attempted to pass the ordinance over the mayor's veto, and selected a banking corporation as such city depository, and directed the

mayor to approve the bond of such depository. The mayor refused, and also refused to direct the city treasurer to turn the funds of the city over to the newly selected depository. On account of the refusal of the mayor to sign the ordinance, approve the bond and direct the treasurer to turn the funds of the city over to the alleged depository, he was removed from office.

The relator applied to this court for writ of mandamus and an alternative writ was issued and a return filed thereto by the respondents, and the relator has filed a motion for a peremptory writ, notwithstanding the return.

Mandamus is an appropriate remedy to compel the restoration of an office to the rightful incumbent thereof who has been wrongfully deprived of the same by removal or suspension. [State ex rel. v. Miles, 210 Mo. l. c. 165, 109 S. W. 595.]

The return admits that the relator was removed from his office because he refused to approve the ordinance selecting a .city depository, refused to approve the bond of the bank selected as the depository of the general funds of the city, and refused to recognize the validity of the action of the board relating thereto.

Under the charter of a city of the fourth class, the mayor is the general officer of the city and has general supervision over all the officers of the city and its affairs. [R. S. 1909, sec. 9306.] And by the terms of the charter, he cannot be removed at the pleasure of the council without cause. [Sec. 9310, R. S. 1909.]

If the ordinance selecting the city depository was invalid, then the action of the board of aldermen removing the mayor from his office, was wrong, and he is entitled to be restored thereto.

Municipal corporations possess only such powers as are granted in express words, or those necessarily incident to or implied in the powers expressly granted. [City of Independence v. Cleveland, 167 Mo. 384, 67

S. W. 216.] And if there is a fair, reasonable doubt concerning the existence of power in the charter of a city, it will be resolved against the city and the exercise of the power denied. [State v. Butler, 178 Mo. 272, 77 S. W. 560.]

The object of all interpretation of law is to reach the true intent and meaning of the law-making authority. [Grimes v. Reynolds, 94 Mo. App. 576, 68 S. W. 588.] Statutes *in pari materia* are to be treated as embodied in one section, and considered together in order to elucidate the legislative intent therein enacted, though they are found in different chapters of the Revised Statutes under different headings. [State v. Ebbs, 89 Mo. App. 95; Springfield v. Starke, 93 Mo. App. 70.]

Guided by these well known rules, has the Legislature given cities of the fourth class the right to select a depository for the general funds of that city? Section 9363, Revised Statutes 1909, relating to cities of the fourth class, reads: "Boards of aldermen in cities of the fourth class are hereby authorized to select city depositories for sinking funds held for the payment of outstanding bonds, in the manner now provided for the selection of county depositories for like purposes." Section 9217 relating to cities of the third class, provides that the city council shall have power to select a depository for all the funds of the city. Section 8931, relating to cities of the second class, provides that the city comptroller shall advertise for bids for the deposit of all city money, and that he, with the consent of the council, may award and let the deposits to the bidder agreeing to pay the highest rate of interest therefor. Section 8585, relating to cities of the first class, provides for the selection of a city depository for all the funds of the city.

Keeping in view the rule declared in State v. Ebbs, and Springfield v. Starke, supra, to-wit: That statutes on the same subject, though found in dif-

ferent chapters of the Revised Statutes under different headings, shall be treated as embodied in one section and considered together, we have in this state a statute authorizing cities of the first, second and third class to select depositories for all their funds; and a city of the fourth class, for its sinking funds only.

If the Legislature intended, as claimed by the respondents, to give the right under the general welfare clause of a city of the fourth class to select a city depository for all the city funds, why did it enact the special section above mentioned, giving to the city the right to select a depository for its sinking funds?

Each city above mentioned had a general welfare clause in its charter previous to the enactment of the special sections relating to city depositories, and if it was the intention of the Legislature, under the general welfare clause, to give to cities the right to select city depositories, then all the special statutes relating thereto were unnecessary. And it will not be presumed that the Legislature intended to do a useless and unnecessary thing.

Section 9395, relating to cities of the fourth class, provides for a treasurer, to receive and safely keep the city funds and provides that he shall give a bond therefor. This section was enacted many years ago, and it was the intention of the Legislature in enacting the same, that the treasurer should have the custody of the city funds. And section 9363, providing for a city depository for the sinking funds of the city, may be construed as an amendment to the section relating to the duties of the treasurer, as it was enacted in 1901. The two sections, when read together, provide that the treasurer shall keep the funds of the city except the sinking funds, which the council have the right to take from him by selecting a city depository.

Counsel for the respondents have filed a motion to transfer the case to the Supreme Court, on the theory that section 9363 limiting the right of the council to select a depository for the sinking funds of the city only, is unconstitutional. Counsel for the relator contend that the motion was not filed in good faith, but simply to secure an order transferring the case to the Supreme Court, knowing that court will be unable to reach the case on its merits before the term of the relator will have expired.

Admitting that the motion was filed in good faith, and admitting for the purpose of argument that the section complained of is unconstitutional, it cannot change the opinion of the court in this case. If the section is unconstitutional, it shows that the Legislature in enacting it, construed the laws of a city of the fourth class to mean that such cities did not have the right previous to the enactment of that section, to select a depository even for the sinking funds of the city, .and that it was not the intention of the Legislature that such cities should have the right to select a depository for the general funds of the city.

In construing a statute, the legislative interpretation of the same, though not conclusive, is entitled to weight. [Crohn v. Kansas City Home Tel. Co., 109 S. W. 1068.] And in the passage of laws, the Legislature is presumed to know the existing state of the laws with which it deals at the time it acts, and is deemed to have dealt with the matter in the light of the state of the laws then existing. [Sikes v. R. R. Co., 127 Mo. App. 326, 105 S. W. 700.]

If the contention of the respondents be accepted and section 9363 eliminated as a legal statute, yet we have a right to consider it in arriving at the intention of the Legislature, as the rule is that the history and legislative construction, including the journals of the legislative body, may be considered in construing a

statute. [Sedalia ex rel. Taylor v. Smith, 206 Mo. 346, 104 S. W. 15.]

If the Legislature was prohibited by the Constitution from enacting the statute, we can still look to the statute for the purpose of ascertaining the intention of the law-making power as to the proper construction of previous statutes. The Legislature must have concluded at the time it attempted to enact section 9363, that the existing law did not authorize a city of the fourth class to take the custody of the city funds from the city treasurer by selecting the depository therefor, or it would not have attempted to enact the new section relating thereto.

It is not our duty to transfer a case to the Supreme Court on the ground that a constitutional question is involved, unless the decision on the constitutional questions effects the merits of the controversy. [Town of Kirkwood v. Meramec Highlands, 160 Mo. 111, 60 S. W. 1072; State ex rel. K. C. Loan Guarantee Co. v. Smith, 176 Mo. 44, 75 S. W. 468; Dollar Savings Bank v. Ridge, 79 Mo. App. 26.]

It is our conclusion that the mayor was justified in refusing to acknowledge the validity of the ordinance of the city providing for a depository for the city funds, and that the board of aldermen did wrong in removing him from his office, and that he is entitled to a peremptory writ to restore him thereto, and the same is ordered issued. All concur.