STATE v. J. C. BARNES.

(Decided April 10, 1900.)

*Revenue Law 1899, Chapter 11, Section 58, Tax on Lumber Dealers—License, Section 71—Misdemeanor.*

The term "lumber dealer," in the Revenue Act of 1899, chap. 11, sec. 58, implies an habitual course of dealing in lumber, and does not apply to one, engaged in general merchandise, who as occasion requires takes lumber or shingles in payment of a debt, or in exchange for goods he keeps for sale.

INDICTMENT for engaging in the business of a lumber dealer without having paid the license tax required by the Revenue Act of 1899, chap. 11, secs. 58 and 71, tried before *Robinson, J.,* at Spring Term, 1900, of ALEXANDER Superior Court.

Upon the special verdict rendered in the case, his Honor adjudged the defendant guilty, and the jury so found. Judgment that defendant pay a penny and the costs. Defendant appealed.

The special verdict appears in the opinion.

*Mr. A. C. McIntosh,* for appellant.
*Mr. Attorney-General,* for the State.

DOUGLAS, J. The following is the special verdict:

That the defendant is a merchant in the town of Taylorsville, whose business and occupation by which he makes his living is to buy and sell goods, wares and general merchandise such as are usually kept in a small town in a general store for sale or barter. He sells his goods for cash or exchanges them for such produce as is usually offered by customers to persons engaged in such business.

That while engaged in such business as a merchant, the defendant occasionally obtained from a customer in the regular course of his business, a load of shingles which he took in satisfaction of a debt already contracted, or paid for out of the goods and merchandise from his store. That he sold the shingles thus obtained, as he sold other articles of produce obtained in his business, for cash or exchanged them for other merchandise for his store.

That the defendant did not hold himself out to the public as one whose business it was to buy and sell either lumber or shingles, and did not buy any articles that could be considered under the name of lumber except the shingles mentioned, if they can be considered lumber.

That said transaction was in connection with his business as a merchant, to obtain satisfaction of a debt which otherwise he might lose, or to effect a sale of his goods and to obtain a profit on his goods given in exchange for the shingles.

That the defendant has not paid the license tax imposed by law upon lumber dealers, but has complied with the law in regard to the tax on merchants.

Upon the findings of the jury the Court below was of opinion that the defendant was guilty. In this we think there was error. Section 58, chap. 11, Laws 1899, known as the Revenue Act, imposes a license tax of ten dollars on "lumber dealers." The word "dealer" implies a habitual course of dealing, and a lumber dealer means one who habitually deals in lumber. Our Revenue Acts appear to have used the words "dealer" and "trader" as synonymous, using sometimes one word and sometimes the other, and they have been so held by this Court in *State v. Yearby,* 82 N. C., 561.

In *State v. Chadbourn,* 80 N. C., 479, a "trader" is defined as "one engaged in trade or in the business of buying and selling." And on page 482, this Court says: "Still

they must be *traders* who buy or sell, and not others who follow a different occupation.     The offense is consummated only when the act of buying or selling is done by one whose business it is to buy and sell, and in the exercise of his calling." See also American and English Enc. of Law, p. 846, and notes.

We do not mean to say that a man can not be a dealer unless he deals exclusively in one article or class of articles. He may deal in two or more different lines of trade, and it would make no difference if his course of dealing was principally in one line provided he *habitually* dealt in the other. The mere fact that a man, whose business was that of a merchant in a country town, may sometimes, as occasion requires, take lumber or shingles, or anything else in payment of a debt or in exchange for the goods that he keeps for sale, does not make him a dealer in such articles within the meaning of the statute.     To hold that it did, would be a strained construction of the law, and would frequently work great hardship and injustice.     Many a country merchant is in a large degree dependent upon the barter of his neighborhood, and his business might be seriously crippled, if not destroyed, if he were subject to cumulative license taxes upon every class of articles that he might occasionally be compelled to buy.

The judgment of the Court below is reversed upon the special verdict, and a verdict of acquittal will be entered.

Reversed.