141 So. 36

**PEOPLE'S GAS & FUEL CO., Inc., v. TOWN OF RUSTON.**

No. 31571.

Feb. 29, 1932.

Rehearing Denied March 30, 1932.

Pugh, Grimmet & Boatner and Fred Simon, all of Shreveport, for appellant.

Barksdale, Warren & Barksdale, of Ruston, for appellee.

LAND, J.

Plaintiff is a property owner and taxpayer of the town of Ruston, and owns and operates under a franchise a natural gas distribution system in that town.

On June 16, 1921, the town of Ruston adopted resolutions, through its mayor and board of aldermen, providing, in substance, that the town should "avail itself of the provisions of existing laws relative to the sale and distribution of natural or artificial gas, and the acquisition of gas manufacturing plants, etc.," and calling a special election to be held on July 21, 1931, for submission to the qualified voters the question whether the town should incur debt and issue negotiable bonds therefor in the sum of $180,000.

The special election was held on the day fixed. Thereafter the mayor and board of aldermen of the town of Ruston canvassed the returns of the election and promulgated the result, declaring that a majority of the votes cast in the election, both in number and amount, had been in favor of the proposed bond issue.

August 11, 1931, the mayor and board of aldermen of the town of Ruston adopted a resolution authorizing the sale, on Septem-

ber 23d, of the bonds approved at the special election.

September 10, 1931, plaintiff filed the present suit in the district court of Lincoln parish and attacked, upon various grounds, the validity of the proceedings leading up to the special election, the validity of the special election, the validity of the tax sought to be imposed for the security and payment of the bonds,. and the validity of the bonds authorized to be issued at the special election.

Plaintiff also prays that the town of Ruston be enjoined from issuing or selling any bonds pursuant to the special election held on July 21, 1931, or imposing any tax for the payment of these bonds, and from engaging or attempting to engage in a general public utility gas business in the town of Ruston, in competition with plaintiff or otherwise.

At the special election held on July 21, 1931, there was submitted to the duly qualified resident taxpayers of the town of Ruston "the question whether or not the Town of Ruston, through the Mayor and Board of Aldermen as its governing authority, shall incur debt and issue negotiable bonds therefor in the sum of one hundred eighty thousand ($180,000) dollars, to run sixteen (16) years and bear interest, payable annually or semi-annually, at not exceeding five per cent. per annum, for the purpose of constructing or acquiring gas manufacturing plants, gas distributing systems, gas wells, gas lands, gas holdings, or leases and gas pipe lines, with necessary equipment, appurtenances and furnishings to distribute and sell natural or artificial gas, title to which shall be in the public, and impose and collect annually, in excess of all other taxes, a tax on all property subject to taxation in the Town of Ruston sufficient to pay the interest and principal falling due in each year." Tr., pp. 15, 16.

It is clear from the above provisions that the town of Ruston intends to go into a general gas public utility business, and for this purpose proposes to issue $180,000 in bonds, to be paid by a tax, in excess of all other taxes, on all property subject to taxation in that town.

Plaintiff contends, in article 7 (a) and (b) of its petition, that the issuance of bonds secured by such proposed taxation for the purpose attempted by the town of Ruston is not authorized by law, and is violative of paragraphs (b) and (m) of section 14 of article 14 of the Constitution of 1921 of this state, and is unauthorized by Act No. 70, Ex. Sess. of 1921.

The defendant, the town of Ruston, excepted to plaintiff's petition on the ground that it discloses no right or cause of action.

This exception was sustained by the trial judge and, from the judgment dismissing its suit, plaintiff has appealed.

Defendant, the town of Ruston, contends that the proceedings leading up to the special election of July 21, 1931, were conducted under authority and in accordance with subsections (a) and (b) of section 14 of article 14 of the Constitution of 1921, and Act No. 46 of that year, and that the authority thereby granted expressly includes the purpose here involved.

It is provided in subsection (a) of section 14 of article 14 of the present Constitution that: "Municipal corporations [and certain other subdivisions of the state] may incur debt and issue negotiable bonds, when au-

thorized by vote of a majority, in number and amount, of the property taxpayers qualified to vote under the Constitution and laws of this State, who vote at an election held for that purpose after notice published or posted for thirty (30) days in such manner as the Legislature may prescribe, and the governing authorities of such subdivisions shall impose and collect annually, in excess of all other taxes, a tax sufficient to pay the interest annually or semi-annually and the principal falling due each year, or such amount as may be required for any sinking fund necessary to retire said bonds at maturity."

It is provided in subsection (b) of section 14 of article 14 that: "Except as otherwise herein expressly provided, no bonds shall be issued by any parish for any purpose other than for [naming such purposes]; nor by any municipal corporation for any purpose other than [naming such purposes and including] purchasing or constructing * * * lighting and power plants, * * * and works of public improvement, together with all necessary equipment and furnishings therefor, title to which shall be in the public, and for such other public purposes as the Legislature may authorize," etc.

It is clear that defendant did not obtain any authority to go into a general public utility gas business from the power conferred by subsection (b) on municipalities to purchase or construct "lighting and power plants."

It is equally clear that no such power is derived by defendant from section 7 of Act No. 46, Ex. Sess. of 1921, "An Act to authorize municipal corporations, etc., to incur and refund debt and issue negotiable bonds and

regulating and prescribing the procedure therefor," since section 7 of this act confers upon the governing authorities of municipal corporations, including cities, towns, and villages, only the right of "purchasing or constructing * * * light and power plants, gas plants," etc., and "the necessary equipment and furnishings for said works."

The town of Ruston is chartered under Act No. 136 of 1898, or the Lawrason Act, enacted "For the creation and government of municipal corporations throughout the State and defining their powers and duties and providing for the extension or contraction of their limits."

Section 13 of the Lawrason Act, as amended by Act No. 135 of 1916, § 1, par. 4, confers the power on cities, towns, and villages in this state, "To purchase or erect and to own, operate, and maintain electric and gas light plants, street railway or traction systems, abattoirs, public markets, any other revenue producing proper public utility, within or without their corporate limits and to regulate same and to fix rates for the consumption of the service."

Authority conferred by the Lawrason Act upon a municipal corporation to own, operate, and maintain "a gas light plant," or a plant for gas lighting purposes, falls immeasurably short of the extraordinary power which defendant claims, in this case, to exercise for the purpose of engaging in a general public utility gas business, involving the constructing or acquiring of gas manufacturing plants, gas distributing systems, gas wells, gas lands, gas holdings, or leases, and gas pipe lines with necessary equipment, appurtenances, and furnishings, to distribute

and sell natural or artificial gas, the title to which shall be in the public.

█ None of the constitutional provisions or statutes relied upon by defendant confers upon it the power or authority to embark upon such an enterprise as a general public utility gas business. It follows therefore that plaintiff's petition discloses a cause of action.

Section 1 of Act No. 70, Ex Sess. of 1921 alone delegates to parishes and municipalities the right to engage in a general public utility gas business. But defendant expressly avows in its brief at page 5: "We do not rely on Act 70, Ex. Sess. of 1921, for authority. The methods provided in that Act and in sub-section (m) of section 14 of article 14 are distinct from and in addition to the method here employed. We rely on sub-sections (a) and (b) of section 14 of article 14 of the Constitution and Act No. 46, Ex. Sess. of 1921."

Plaintiff complains, in subsections (f) and (g) of paragraph 7 of the petition, that the election was not held pursuant to any plan theretofore adopted and publicly announced by a gas commission, and that the election was premature and illegal, in that no plan or proposal had been published, as required by sections 4 and 6 of Act 70, Ex. Sess. of 1921.

Since defendant does not rely upon this act in the present case, a discussion of the objections raised by plaintiff would be purely academic.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that this case be remanded to the court below to be proceeded with in due course, and that defendant pay the costs of appeal; all other costs to await final judgment.