GLEN MORGAN, EMPLOYEE, APPELLANT, v. JEWELL CONSTRUCTION CO., EMPLOYER, CENTRAL SURETY & INS. CO., INSURER, RESPONDENT. —91 S. W. (2d) 638.

Kansas City Court of Appeals. February 17, 1936.

*Horace G. Pope* and *Denton Dunn* for appellant.

*McCune, Caldwell & Downing* and *Lynn Webb* for respondent.

BLAND, J.—This is an appeal from the judgment of the circuit court affirming an award of the compensation commission in favor of the defendants.

The facts show that on February 8, 1929, claimant filed a claim with the Workmen's Compensation Commission based upon an accident alleged to have been suffered by him while in the course of his employment with the defendants, Wm. R. Jewell and Wm. R. Jewell, Jr., doing business as the Jewell Construction Company. Several hearings were had on the claim before one of the members of the commission and while the proceedings were pending, and no award had yet been made, the parties, on May 29, 1929, compromised and settled the claim. The amount of the settlement was duly paid to the claimant, a receipt given by him for the same and a release was duly executed, all of which were filed with the commission. However, the compromise and settlement were approved by only one of the commissioners.

On November 14, 1932, claimant filed with the commission his application for a rehearing and review on the ground of a change in his condition for the worse, setting forth in what respect his condition was changed. Thereupon, over defendants' objection, the claimant offered evidence in support of his motion. Defendants' objections to a review were based upon the grounds that the compromise and settlement were final and that the approval of the settlement by one of the commissioners, alone, constituted an approval by the commission itself under section 3333, Revised Statutes 1929, and that no proceedings were had or begun within six months after said settlement and payment thereunder.

The commission, on June 29, 1933, made an order or an award that no additional compensation be awarded for the reason that a compromise and settlement of the claim had been entered into by the parties and had been approved and, therefore, the commission

was without jurisdiction to open the case on a change of condition. One of the commissioners dissented. Claimant thereupon appealed from the award and, as before stated, the circuit court affirmed it.

It is insisted by the claimant that the court erred in affirming the final award of the commission for the reason that "compromise settlements are not valid until affirmed by the commission and cannot be approved by one member making an award as the commission can only act as a body by at least a majority thereof." Consequently, it is urged that the settlement, not having been approved by the commission, but only by one member thereof, "the claim remained pending so that the commission retained jurisdiction thereof and the six months' limitation statute could not bar the application for a rehearing and additional compensation filed by the claimant, which was in the nature of an amended claim."

It is admitted that the settlement was final in its nature and, had it been approved by the commission instead of only one member thereof, it could not have been reopened for additional compensation, or otherwise. [See on this point Brown v. Corn Products Refining Co., 227 Mo. App. 548.]

An examination of the provisions of the Workmen's Compensation Act discloses that action on the part of the commission is mentioned in connection with several matters. Some of the acts of the commission referred to therein are ministerial and others are judicial in their nature. Section 3333 deals with compromise settlements such as that involved in the case at bar and provides that no such settlement shall be valid "until approved by the commission."

Section 3334, among other things, provides for an award upon an agreement of the parties when the agreement is approved by "the commission." Section 3338 provides that when the parties shall fail to agree, etc. "the commission" shall set a date for a hearing of the claim. Section 3339 provides, in part, as follows: "The commission *or any of its members* shall hear in a summary proceeding the parties at issue and their representatives and witnesses and shall determine the dispute." (Italics ours.) Section 3340 provides for a review by "the commission" of an award on the ground of a change in condition. Section 3346 provides that "the commission" may commute compensation. Section 3348 provides that the commission *or any of its commissioners* may appoint a physician to examine the injured employee and that the employee shall submit to any reasonable medical examination when made at the request of the commission *or any of its commissioners*. Section 3348 also provides that "the commission" may in its discretion in extraordinary cases, order a post-mortem examination. Section 3349 provides that all proceedings before the commission *or any commissioners* shall be simple, informal and summary and "except as herein otherwise provided, all such proceedings shall be according to such rules and regulations as may be

adopted by the commission." Section 3350 provides that "the commission *or any commissioner* shall have the power to issue process," etc. (Italics ours.)

It will be seen, by these provisions of the Workmen's Compensation Act, that the commission is empowered and directed to do certain things in some instances and in other instances the commission *or any of its members or commissioners* are empowered and directed to act. (Italics ours.)

It is well established that resort should be had to all parts of an act in order to arrive at the true meaning of any of the provisions thereof. [State ex rel. v. Wilson, 151 Mo. App. 723.] There is also a well settled rule of statutory construction that where different language is used in the same connection in different parts of a statute it is presumed that the legislature intended a different meaning and effect. [People v. Campbell (Calif.), 291 Pac. 161, 162; Ex parte Dees (Calif.), 194 Pac. 717; Commonwealth v. Woodring (Pa.), 137 Atl. 635; Novicki v. O'Mara, 280 Pa. 411.] In the Dees case it is said, 1. c. 720:

"It is fundamental that where one form of expression is used throughout a statute dealing with a number of things it will ordinarily be adjudged to have been used to achieve the same purpose. It is no less clear that, if one of the many things be singled out by a notable change of expression, it is reasonable to determine there was a different or modified purpose intended."

It is held in the Novicki case, 1. c. 416: "A change of language in separate provisions of a statute is prima facie evidence of a change of intent."

If there were no other provisions of the Workmen's Compensation Act bearing upon the question, save those which we have alluded to, it would be a serious question as to whether a single commissioner has authority to approve a settlement made under section 3333, which provides that such a settlement shall be approved by "the commission." In this connection it will be noted that the language in that section is different from the language in other sections providing that the commission *or one of its members* may perform certain acts.

However, there are other provisions of the act having a bearing upon the subject. Section 3341 provides:

"If an application for review is made to the commission within ten days from the date of the award, the *full commission,* if the first hearing was not held before the *full commission,* shall review the evidence, or, if deemed advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file same in like manner as specified in the foregoing section." (Italics ours.)

Here we have injected into the act another distinction appearing nowhere else in it, that is, reference is made to the "*full* commission." If the act as a whole plainly distinguishes between the commission and one commissioner then the word "commission," it would seem, should be held to refer to the entire body as distinguished from one of its members. However, if this were true, why was it necessary to use the word "full" in section 3341 in describing the commission as a body? This gives rise to a serious ambiguity in the provisions of the act.

It is stated in the brief of the defendants that it has been the universal custom for one commissioner to approve settlements of this kind. Cases are coming before us which indicate that there is such a practice. In Brown v. Corn Products Ref. Co., supra, the settlement was approved by one of the commissioners and apparently the same condition was present in the case of Bruce v. Missouri-Kansas-Texas R. Co., 73 S. W. (2d) 425. In the case of Burnham v. Keystone Service Co., 77 S. W. (2d) 848, the settlement was approved by a referee of the commission. In none of these cases was the authority of the commissioner or the referee disputed, there being no point raised in reference to the matter.

The Legislature in 1929 (see Laws 1929, p. 444) amended what is now section 3357 of the act (or section 59 of the original act) by creating the position of referee. The amendment allows the commission to appoint special referees, not exceeding five in number. It gives such referees authority to hear and determine claims upon original hearing, only, and in this respect they are given the same authority and jurisdiction as the commission or one of its members. The amendment further provides that whenever the word "commission" or "commissioners" is used in the act, in respect to an original hearing, those terms should include the referees. It further provides: "*Any referee shall have power to approve contracts of settlement between the parties to any claim under this chapter, to the same extent as elsewhere provided for the commission or one of its members.*" (Italics ours.)

That part of section 3357, as amended, which we have quoted seems to give recognition to the practice of the commission is respect to permitting one of its commissioners to approve settlements (59 C. J., p. 1109), if he did not theretofore have such authority, for it, in effect, recites that one of the members of the commission has authority to approve settlements, such as mentioned in section 3333.

It is well established that a construction of a statute by the Legislature, as indicated by the language of other or subsequent enactments, is entitled to consideration as an aid to interpreting a statute. [59 C. J., p. 1033; State ex rel. v. Hackmann, 275 Mo. 47, 54; State ex rel. v. Long-Bell Lbr. Co., 321 Mo. 461; Evans v. McLalin, 189

430

Mo. App. 310; State ex rel. v. Wilson, supra; Crohn v. Telephone Co., 131 Mo. App. 313.] And where the controversy has arisen since the enactment of the subsequent statute or amendment wherein the Legislature has indicated that the statute should be taken to mean a certain thing, such legislative construction should be given great weight. Under all of the circumstances, we think that a proper construction of the act requires a holding that a single member of the commission may approve a settlement of the kind in question and it follows that the award of the commission was right and the judgment of the circuit court should be affirmed and it is so ordered. *Shain, P. J.*, concurs.