UNION ELECTRIC COMPANY of Missouri, a Corporation, Appellant, v. CITY OF ST. CHARLES, a Municipal Corporation.—No. 38866.—181 S. W. (2d) 526.

Division One, June 5, 1944.

Rehearing Denied, July 3, 1944.

*Robert J. Keefe, Roberts P. Elam* and *Igoe, Carroll, Keefe & Coburn* for appellant; *John A. Woodbridge* of counsel.

1196

*Robert V. Niedner* for respondent.

 DOUGLAS, J.—The question for decision is whether a license tax imposed by the City of St. Charles on persons engaged in the business of supplying electricity for any purpose is within the purview of the statute which authorizes the city to tax light companies and power companies. We hold the tax is authorized by the statute.

St. Charles is a city of the third class. Section 6986, R. S. 1939 empowers cities of that class to levy and collect a license tax on ". . . light, power and water companies, . . ."

In 1942 St. Charles enacted an ordinance imposing a license tax of 5% of the gross receipts on every person engaged in the business of supplying electricity for any purpose. The Union Electric Company paid the tax under protest and brought this suit for the recovery of the amount paid on the ground the ordinance is void because the city is without statutory or constitutional authority to impose the tax. From a judgment denying recovery the company appeals.

 Section 7440, R. S. 1939 provides that no city shall have the power to impose a license tax upon any business unless such business is specially named as taxable in the charter of such city or unless such power is conferred by statute. We held this section applies to all cities, whether under general or special charters, in Siemens v. Shreeve, 317 Mo. 736, 296 S. W. 415. We said the statute was a legislative finding and declaration of policy that unless the business avocation sought to be taxed by the municipal corporation is specially named as taxable in the charter, or unless such power is conferred by statute, the power to impose such a tax cannot be exercised.

 The statute specially names light and power companies. In the early days the business of lighting, especially street lighting, of itself was a recognized business. Lighting by electricity became common. The use of electricity soon expanded to many fields. It became useful for many business purposes. Electric light companies became engaged in the business of supplying electricity for power as well as for light. We said in State ex rel. Laclede Gaslight Company v. Murphy, 130 Mo. 10, 31 S. W. 594 that it was a matter of common knowledge that electricity is used "for generating light and for providing power." Companies engaged in the business of sup-

plying electricity are commonly referred to as light and power companies. Such term is found in our legal digests. See: Descriptive Word Index, American Digest System, and 33 Am. Jur. 1008. Light and power has become recognized as a generic term describing companies which furnish electricity. The corporate names adopted by such companies often included the words light and power. Appellant was formerly known as the Union Electric Light and Power Company. In St. Louis we also have the Laclede Power and Light Company. In Kansas City we have the Kansas City Power and Light Company. Such companies supply electricity for any general use the consumer desires. Public schedules of rates are not classified as to any particular use for which the current may be put. The classification of rates is based on the quantity used.

We hold the term light and power companies used in the statute specially names a company engaged in the business of supplying electricity for general use. Such being the case, St. Charles is authorized to impose the license tax. The fact that appellant is now known as an electric company, which term is coming into general use, does not take it out of the statute.

■ Appellant argues that such naming in the statute 'does not permit taxing electric companies which furnish electricity for any purpose because electricity is commonly supplied for heating purposes for "electric toasters, coffee makers, irons, waffle irons, curling irons, heating pads, space heaters, water heaters, hot plates, roasters, ranges and mangles." Appellant states it is in the business of generating electricity and supplying it to the public. It does not claim to be in the heating business. The business of furnishing heat to the public by means of hot water, steam, hot air or electricity is recognized by statute. Section 6979, R. S. 1939 authorizes a city of the third class to grant franchises to heating plants to use the city streets in furnishing heat to the public. We also find the Public Service Commission Act covers electrical corporations which furnish electricity "for light, heat or power." Sec. 5646. But, we repeat, appellant does not claim to be in the heating business. It generates and supplies electricity. If the consumer wishes to use the electricity furnished to him to heat his coffee or his bath or the bath room, such use does not determine the nature of appellant's business. It is still engaged in the light and power business. See: Pinney & Boyle Co. v. Los Angeles Gas and Electric Corp., 168 Cal. 12, 141 P. 620.

■ Appellant may not complain about the ordinance on the ground the city is not authorized to tax the business of furnishing heat. Only those adversely affected by legislation may question its validity. A person may not complain that a license law is invalid as against a class other than that to which he belongs. Morf v. Bingaman, 298 U. S. 407; State ex rel. Griffin v. Greene, 104 Mont. 460, 67 P. (2d) 995, 111 A. L. R. 770.

The fact that appellant is the only one presently engaged in the business of supplying electricity in St. Charles and so is the only one now subject to the tax does not violate the Constitutional provision (Art. X, Sec. 3) that taxes shall be uniform. In re Holman, 197 Mo. App. 70, 191 S. W. 1109, affirmed 270 Mo. 696, 195 S. W. 711. It does not matter how few are included in a class so long as the class covers uniformly all persons who are in similar circumstances.

Appellant charges the ordinance is unreasonable because the tax rate is confiscatory. The burden is on appellant to prove the charge and it has not done so. The record does not sustain the charge. Moreover, where an ordinance is valid, the charge that it is oppressive lies not with the courts but with the body that enacted the ordinance. St. Louis v. United Railways, 263 Mo. 387, 455-6, 174 S. W. 78.

Finally appellant argues the city was prohibited from enacting such ordinance under Section 11454, R. S. 1939, a part of the Sales Tax Act, which provides: "No city, town or village, whether organized by general law or by special charter, shall, either directly or indirectly, levy, impose or collect any tax upon the sale of or charge for any tangible personal property taxed by the state under the provisions of this article, or, upon the sale of or charge for any service or other thing taxed by the state under the provisions of this article."

We considered the same argument in Ploch v. City of St. Louis, 345 Mo. 1069, 138 S. W. (2d) 1020, where we held the Sales Tax Act did not repeal the statutes authorizing a city to levy license taxes. The criticisms appellant makes of that decision were discussed in the dissenting opinion. We adhere to the ruling of the majority opinion.

The judgment is affirmed. All concur.