STATE ex rel. CITY OF ST. LOUIS, Relator,

v.

Hon. Arthur LITZ, Circuit Judge, (City of Berkeley, et al.), Respondent.

No. 46884.

Missouri Court of Appeals, Eastern District, Division Five.

June 14, 1983.

James J. Wilson, City Counselor, Robert H. Dierker, Jr., Edward J. Hanlon, St. Louis, for relator.

Louis Czeck, Clayton, for respondent.

PUDLOWSKI, Presiding Judge.

This is an original proceeding in which relator seeks an order in mandamus against respondent Judge, to set aside an order entered on February 14, 1983, dismissing relator's action against the City of Berkeley and to reinstate said cause for a hearing on its merits. Respondent has stayed his order until this court rules on the petition for Mandamus. We granted a preliminary order to which respondent filed his return. The cause was then argued and submitted. We make our preliminary order absolute.

The determinative facts are mutually admitted. On July 12, 1982, the City of Berkeley enacted an ordinance concerning voluntary demolition and moving of buildings in the municipality. The ordinance requires that "prior to the issuance of any demolition or removal permits a fee of $150 for permits and inspections shall be paid to the City of Berkeley." Each applicant for a permit must also provide liability insurance and post a performance bond. The penal section of the ordinance provides that violators of the ordinance are subject to either fines up to $500 for each day of violation or 90 days imprisonment or both fine and imprisonment.

Relator's action against the City of Berkeley pending before respondent judge sought a declaratory judgment and injunctive relief praying that the ordinance be denied enforcement and be declared void as violative of Article X, Section 22 of the

Missouri Constitution because the ordinance established a new fee or increased an existing fee without required approval of qualified voters.[1]

The City of Berkeley filed its motion to dismiss relator's petition for declaratory judgment and injunctive relief on the grounds that the City of St. Louis failed to state a cause of action and had no standing. The trial court sustained the motion to dismiss. We do not know the reasons underlying the trial court's perfunctory dismissal. No findings of fact and conclusions of law were requested or made (Rule 73.01).

The threshold question is whether mandamus is available as a remedy under the circumstances of this case. Mandamus is one of the most powerful writs a court can issue. *Yeager v. Yeager,* 622 S.W.2d 339, 341[1] (Mo.App.1981). It will be issued if there is no other adequate ordinary remedy. Id. at 341[2]. While mandamus does not ordinarily lie to review the sufficiency of pleadings and the ruling related thereto, *see State ex rel. Pisarek v. Dalton,* 549 S.W.2d 904, 905[3] (Mo.App.1977), it has long been the rule in Missouri that when, upon a preliminary question of jurisdiction depending wholly upon the law and not the facts, a court misconceives its jurisdiction and refuses to proceed to a determination upon the merits, the appellate court will issue its writ of mandamus to compel the lower courts to reinstate the matter. *Yeager* at 341[3].

Respondent's view, apparently, is that it did not have jurisdiction over relator's petition in the action below because relator either lacked standing or failed to state a cause of action. The order of dismissal did not specify upon which of the

grounds in the motion to dismiss the decision was predicated. Nor could the parties upon oral argument before us state with certainty the basis for the trial court ruling. Relator's arguments in its briefs have addressed both the issues of standing and sufficiency of its petition to state a cause of action. Respondent argues only that relator's remedy is by appeal and not mandamus. He does not otherwise enlighten us with arguments for holding proper the order of dismissal based on grounds raised in the motion to dismiss. Standing is "a jurisdictional matter antecedent to the right of relief," *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 227 (Mo.banc 1982) and has been said to be, "in a sense, jurisdictional in limine . . . ." *Sommer v. City of St. Louis,* 631 S.W.2d 676, 679 (Mo.App.1982). We hold mandamus to be a proper remedy.

Article X, Section 23 of the Missouri Constitution provides in part: "Notwithstanding other provisions of this Constitution or other law, any taxpayer of the state, county or other political subdivision shall have standing to bring suit in a circuit court of proper venue . . . to enforce the provisions of sections 16 through 22, inclusive, of this article . . . ." The trial court may have read this section as limiting standing exclusively to taxpayers and reasoned that St. Louis City lacked standing because it is not a taxpayer in the City of Berkeley. That decision squarely raises the question of whether under Rule 87.02(a), relators are entitled to a declaratory judgment determining whether defendant has violated the provisions of the Hancock Amendment by enacting an ordinance containing increased fees for voluntary demolition and moving permits without first submitting the proposed ordinance to popular vote.[2]

---

1. Mo. Const.Art. X, § 22(a) (1945) (amended 1980) [the Hancock Amendment] provides:

   Counties and other political subdivisions are hereby prohibited from levying any tax, license or fee, not authorized by law, charter or self enforcing provisions of the constitution when this action is adopted or from increasing the current levy of an existing tax, license or fee, above that current levy authorized by law or charter when this section is adopted without the approval of the required

majority of the qualified voters of that county or other political subdivision voting thereon.

2. Rule 87.02(a) on who may obtain declaratory judgments provides as follows:

   (a) Persons Interested Under Deeds—Wills—Contracts—Statutes and the like. Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal

The ordinance enacted by defendant City of Berkeley directly affects the City of St. Louis in its performance of their responsibility for undertaking airport expansion. Notwithstanding that the City of St. Louis is not a taxpayer within the City of Berkeley, we hold, without reaching the merits of the case of whether the ordinance is valid, the City of St. Louis has standing to challenge the ordinance. Persons whose rights are or may be injuriously affected by the enforcement of an ordinance may attack its validity in proper proceedings. *Campbell Baking Co. v. City of Maryville,* 31 F.2d 466, 468 (8th Cir.1929). Any party who alleges they are directly adversely affected by an ordinance may raise the question of the unconstitutionality or invalidity of the ordinance. *See Barhorst v. City of St. Louis,* 423 S.W.2d 843, 850–51[16] (Mo. banc 1967). Generally speaking, a person who seeks to attack the validity of an ordinance must fall within the class of persons as to whom the ordinance is claimed to be invalid. *Union Electric v. City of St. Charles,* 181 S.W.2d 526, 528, 352 Mo. 1194[4] (1944). We recently stated the following in *Spencer's River Roads Bowling Lanes v. Unico Management,* 615 S.W.2d 121 (Mo.App.1981) at 124:

Under Supreme Court Rule 52.01 a civil action must be prosecuted in the name of the real party in interest. The purpose of this rule has been held to enable those who are interested in the subject matter of the suit and entitled to the benefits of the litigation to be those who maintain the action. And so to warrant standing as a party the prospective plaintiff must have some actual and justiciable interest susceptible of protection through litigation. *Janssen v. Guaranty Land Title Co.,* 571 S.W.2d 702, 706[7, 8] (Mo.App. 1978) .... Standing relates to the interest of an adversary in the subject of the suit so as to give that party the right to relief.

The United States Supreme Court's two prong test for the judiciary's prudential concept of standing requires the plaintiff to allege that the challenged action has caused him injury in fact and the interest he seeks to have protected is arguably within the zone of interest sought to be protected by the statute or constitutional guaranty in question. *Association of Data Processing Service Organizations v. Camp,* 397 U.S. 150, 152–53, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970); *See Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The City of St. Louis will suffer an injury should it be denied the right to challenge the ordinance enacted by the City of Berkeley. The injury suffered is payment of fees beyond that which may be legally exacted. The interest sought to be protected, equal treatment of similarly situated persons (other fee-payers), is obviously within the zone of interests protected by the Fourteenth Amendment of the United States Constitution. That Section 23 of the Hancock Amendment was not limited to give standing solely to taxpayers, exclusive of license and fee-payers who might not be taxpayers, is made clear in *Buchanan v. Kirkpatrick,* 615 S.W.2d 6, 13 (Mo. banc 1981) wherein our Missouri Supreme Court stated: "Provision is made in Section 23 of the amendment to give taxpayers *and political subdivisions* standing to enforce the amendment in the courts." (emphasis ours). The court further noted that standing focuses on a party's personal stake in the outcome of the controversy (citations omitted) *Id.*

We recognize that the City of St. Louis, as a property owner in the municipal corporation of Berkeley has a vital interest in the taxes, licenses and fees levied upon it by Berkeley. The City of St. Louis illustrates one of many situations wherein par-

relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a decla-

ration of rights, status or other legal relations thereunder.
The foregoing rule is identical with Mo.Rev. Stat. § 527.020 (1978).

ties other than taxpayers have a substantial interest in the levy or proposed increases of "any tax, license or fee" thereby according them the right of standing to attack the allegedly unconstitutional ordinance. Residents of a municipality who merely rent, but are not property owners and hence, pay no personal or real estate taxes, would be excluded should Section 23, the provision on standing, be read as limiting standing to only taxpayers. So, too, would other tax-exempt persons, like the City of St. Louis, be foreclosed from our courts. We interpret Section 23 of Article X to confer standing, in addition to those persons ordinarily granted standing, upon tax-payers, and not as a limitation. To construe it otherwise contravenes well-established constitutional principles on standing discussed earlier. A construction of a state constitutional provision which will render it invalid under the federal constitution is not favored.[3] The effect of such a construction is to render the provision a nullity. *See City of Kirkwood v. Allen,* 399 S.W.2d 30 (Mo.1966). Therefore, we eschew an interpretation of the constitutional provision which would otherwise render it a nullity.

Finally, our Missouri Court has given an expansive reading of legislative intendment with its use of the phrase "tax, license or fee" within Article X, Section 22 in *Roberts v. McNary,* 636 S.W.2d 332 (Mo. banc 1982). It logically follows then that any individual required to pay a new or increased city charge should be accorded standing to challenge imposition of the charge as violative of the Hancock Amendment. The City of St. Louis, as a past, present and future fee payer, has a real interest in the outcome of an action challenging the validity of the fee and, thus, has met the requisite of standing. The petition on its face clearly states, assuming the facts alleged are true, a violation of Missouri Constitution Article X, Section 22(a) (1945) (amended 1980) also known as the Hancock Amendment and also states a

cause of action under the declaratory judgment statute, Section 527.020 (1978).

For the reasons aforesaid, the trial court had jurisdiction of relator's petition and its dismissal was improper. The trial court is ordered to reinstate said cause and proceed on the merits. Our preliminary order is made absolute.

DOWD and KAROHL, JJ., concur.

---

**3.** We are not called upon to reach the issue of the constitutionality of Article X, Section 23, which provides attorney fees and costs in taxpayer actions only, as distinguished from license and fee payers, when tested by due process and equal protection mandates under the Fourteenth Amendment of the Constitution of the United States.